**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MIGUEL ANGEL LOPEZ SANCHEZ, *Petitioner,* | : | |
| v. | : | No. 2:26-cv-08277 |
| J.L. JAMISON, *et al.*, *Respondent.* | : | |

## ORDER

**AND NOW**, this 4th day of November, 2026, upon consideration of Petitioner's Petition for a Writ of Habeas Corpus (Dkt. No.1), the Government's Response in Opposition (Dkt. No. 5), and noting that the Petitioner has a bond hearing scheduled for November 9, 2026, at 1:00 pm, via zoom,[1] is hereby **ORDERED** that Petitioner shall be promptly transferred to another facility with zoom capabilities so that he can attend the November 9, 2026, hearing, any future immigration hearings, and otherwise pursue his available administrative remedies. Upon confirmation of his transfer, the Petition is **DISMISSED** without prejudice.[2]

---

1 *See* Notice of Custody Redetermination Hearing (Dkt. No. 5-5).

2 Petitioner (1) alleges that the Government made a warrantless arrest and (2) argues that his detention violates the Fifth Amendment. The Court address each argument in turn.

First, the Government has provided evidence that it possessed an administrative warrant at the time of Petitioner's arrest. *See* Exhibit A to Government's Response (Dkt. No. 5-1) at 5; Exhibit B to Government's Response (Dkt. No. 5-2). In the absence of evidence to the contrary, the Court finds that the arrest was supported by a valid warrant issued pursuant to 8 C.F.R. § 287.8(c)(2)(ii). Second, for the reasons set forth in the Court's Opinion in *Beradze v. Rife*, No. 26-cv-07111 (E.D. Pa. Sept. 23, 2026), the Court concludes that Petitioner's detention does not violate the Fifth Amendment. Accordingly, the Court denies the Petition.

Nothing in this Order precludes Petitioner from refiling this Petition if Petitioner is unable to attend his scheduled November 9, 2026, bond hearing, or if he is not afforded a bond hearing.

BY THE COURT:

GAIL A. WEILHEIMER, J.